UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shifra Gordon, individually and on behalf of all others similarly situated;<br><br>                              Plaintiff,<br><br><br><br><br>          -v.-<br>Constar Financial Services, LLC and<br>John Does 1-25<br><br>                              Defendants. | Civil Action No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Shifra Gordon (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorneys, Stein Saks PLLC, against Defendant Constar Financial Services, LLC (hereinafter "Defendant Constar"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## <u>INTRODUCTION/PRELIMINARY STATEMENT</u>

1.      Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy."

1

*Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws ·were inadequate. Id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

5.      Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1392(b)(1) as this is the defendant's primary place of business is located here.

## NATURE OF THE ACTION

6.      Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7.      Plaintiff is seeking damages and declaratory relief.

**PARTIES**

8.      Plaintiff is a resident of the State of New York, County of Rockland, residing at 2 Cedar Lane, Monsey NY 10952-2101.

9.      Defendant Credit Control LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042 and can be served upon their registered agent, C T Corporation System, at 28 Liberty St., New York, New York 10005.

10.      Upon information and belief, Defendant Credit Control LLC is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11.      John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ALLEGATIONS**

12.      Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.      The Class consists of:

   a.   all individuals with addresses in the State of New York;

   b.   to whom Defendant Constar sent a collection letter attempting to collect a consumer debt;

   c.   and in response a consumer called up the Defendant to dispute the validity of the debt;

   d.   and the Defendant responded by questioning the validity of the dispute and asking for the reasons for the dispute;

14.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15.    Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's response to Plaintiffs oral dispute, violated 15 U.S.C. §1692g, 1692e.

17.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's response to the Plaintiff's oral dispute, violated 15 U.S.C. §1692g, 1692e.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.     Some time prior to November 11, 2019, an obligation was allegedly incurred to M&T Bank

23.     The M&T Bank obligation arose out of transactions to purchase items which were primarily for personal, family or household purposes.

24.     The alleged M&T Bank obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     M&T Bank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26.     Defendant Constar contracted with M&T Bank to collect the alleged debt.

27.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and internet.

*Phone Call Violation*

28.     On or about November 11, 2019 Defendant sent the Plaintiff notice (the "Letter"), hereto attached as Exhibit A, regarding the alleged debt.

29.     Plaintiff's husband called Defendant on Plaintiff's behalf on or around December 18, 2019, to dispute the debt as per her rights under the FDCPA section 1692g.

30.     When asked the reason for her contacting Defendant Constar at that time, Plaintiff replied that she was disputing the validity of the debt, as per her rights.

31.     Defendant's representative demanded that the Plaintiff give reasons for the dispute and demanded that Plaintiff give specifics regarding the validity of the dispute.

32.     Plaintiff's dispute, made by telephone, meets the criteria set forth by § 1692g, as she unequivocally stated that she was disputing the validity of the debt and has no requirement to give any reason or proof regarding the validity of the dispute.

33.     Furthermore, it well established in the 2nd Circuit that oral disputes are a completely valid method of asserting a consumer's rights under § 1692g.

34.     Requiring that the Plaintiff prove the validity of her dispute and provide reasons for the dispute violates the consumer rights as provided for under the Fair Debt Collection Practices Act.

35.     Defendant's demand for reason for the dispute overshadowed Plaintiff's §1692g right to dispute the debt over the phone, or in general as no reason is required to be given by the Plaintiff to validly exercise her dispute rights under 1692g.

36.     This false and deceptive tactic of demanding a specific reason before "accepting a dispute as valid" is misleading because it confuses the consumer as to how to exert her dispute and validation rights under FDCPA.

37.     Defendant intentionally chose to make it difficult for the Plaintiff to dispute the debt, even though she did it in a proper manner.

38.     As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g
### *et seq.*

39.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

41.     The Defendant violated 15 U.S.C. §1692g:

    a.   By demanding a reason for Plaintiff's dispute and rejecting the Plaintiff's dispute, despite the fact she validly exercised his dispute rights under the FDCPA.

42.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

43.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

45.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46.    Defendant violated §1692e:

    a.   By requiring Plaintiff to submit a reason for her dispute, as opposed to accepting an oral dispute of the account without a reason.

    b.   By making a false and misleading representation in violation of §1692e(10).

47.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

48.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shifra Gordon, individually and on behalf of all others similarly situated, demands judgment from Defendant Constar as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated: Hackensack, New Jersey
          August 31, 2020

                                                    */s/ Raphael Deutsch*
                                                    By:  Raphael Deutsch, Esq.

                                                    **Stein Saks, PLLC**
                                                    285 Passaic Street
                                                    Hackensack, NJ 07601
                                                    Phone: 201-282-6500
                                                    Fax: 201-282-6501
                                                    Email: rdeutsch@steinsakslegal.com
                                                    *Attorneys for Plaintiff*